| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>22nd JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>22- NF<br>22-000985-NF |

Court address
101 E. Huron Road, Ann Arbor, MI 48107

Court telephone no.
734-222-3270

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| SPECIAL TREE COMMUNITY SERVICES, LLC,<br>d/b/a CC REHAB (Evan Baatz, Bart Daugherty, and<br>David Wutke), | v | STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>c/o Resident Agent<br>Corporation Service Company<br>2900 West Road, Suite 500<br>East Lansing, MI 48823 |

Plaintiff's attorney, bar no., address, and telephone no.
Martin A. Hogg (P76312)
Miller & Tischler, P.C.
28470 W. 13 Mile Road, Ste. 300
Farmington Hills, MI 48334
(248) 945-1040

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| July 21, 2022 | 10-19-2022 | /s/ Kim Plumb |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| | SUMMONS | |
|---|---|---|
| PROOF OF SERVICE | Case No. 22- | NF |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____ Signature: _____
                        Date                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                   Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

SPECIAL TREE COMMUNITY SERVICES, LLC, d/b/a CC REHAB (Evan Baatz, Bart Daugherty, and David Wutke),

        Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

        Defendants.
_____/

22-000985-NF

Case No. 22-      -NF

Hon. JUDGE PATRICK J. CONLIN, JR.

MILLER & TISCHLER, P.C.
BY: MARTIN A. HOGG (P76312)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334-5401
(248) 945-1040 / (248) 536-5042 fax
email: mhogg@msapc.net
_____/

Upon information and belief, there are no other pending or resolved civil actions arising out of the transaction or occurrence alleged in the complaint.

        /s/ Martin A. Hogg
        Martin A. Hogg (P76312)

**COMPLAINT**

Plaintiff, SPECIAL TREE COMMUNITY SERVICES, LLC, d/b/a CC REHAB, by and through its attorneys, Miller & Tischler, P.C., and for its Complaint, states as follows:

1. Plaintiff, SPECIAL TREE COMMUNITY SERVICES, LLC, d/b/a CC REHAB (hereinafter referred to as "CC REHAB" or "Plaintiff"), is a provider of medical, therapeutic and rehabilitative services and conducts business in the County of Genesee, State of Michigan.

2. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM" or "Defendant"), is an insurance company licensed and certified by the Commissioner of Insurance to conduct business in the State of Michigan, and to issue automobile insurance policies to Michigan residents, and does continuous and systematic business in the County of Washtenaw, State of Michigan.

3. The amount in controversy exceeds $25,000, exclusive of costs, interest and attorney fees.

### COUNT I: BREACH OF CONTRACT/VIOLATION OF NO-FAULT ACT

4. Patients Evan Baatz, Bart Daugherty, and David Wutke (hereinafter collectively referred to as "Patients") were involved in motor vehicle collisions in which they suffered accidental bodily injury as a direct result:

| Patient Name | State FarmClaim No. | Date of Accident |
|---|---|---|
| Evan Baatz | 22-A774-538 | January 18, 2008 |
| Bart Daugherty | 22-332Q-621 | August 6, 2018 |
| David Wutke | 22-A325-130 | March 31, 2005 |

5. On date of their respective accidents, STATE FARM was the No-Fault automobile insurers in the highest order of priority responsible for the payment of personal protection insurance benefits on behalf of Patients, pursuant to automobile insurance policies issued by Defendants and/or the provisions of the Michigan No-Fault Act (M.C.L. 500.3101 et. seq.), including for all allowable expenses incurred by Patients for accidental bodily injuries suffered in the aforementioned motor vehicle accident.

6. Plaintiff has standing to bring this action by virtue of a direct statutory cause of action under MCL 500.3112.

2

7. As a direct and proximate result of the accidental bodily injuries suffered by Patients, CC REHAB, through its employees, agents and representatives, provided reasonably necessary medical products, services and accommodations for Patients' care, recovery and rehabilitation.

8. Bills consisting of reasonable and customary charges for the above-referenced services were submitted to Defendants in a timely fashion pursuant to the Michigan No-Fault Act, under the above-referenced claim numbers.

9. Through present, Defendant has refused and/or neglected to pay such allowable expenses for treatment rendered to Patients, arising out of the above-referenced motor vehicle accidents.

10. Defendants have received reasonable proof of the fact and amount of the loss, pursuant to the Michigan No-Fault Act, MCL 500.3142, and have denied and/or delayed payment.

11. By virtue of Defendant's refusal to pay for the reasonable and customary charges associated with the treatment provided by Plaintiff, Defendants are in breach of their insurance contracts and/or in violation of the Michigan No-Fault Act.

12. The allowable expenses claimed by Plaintiff are currently overdue since they received reasonable proof of the fact and amount of the loss and, therefore, Plaintiff is entitled to payment of statutory interest (12%) from Defendants in addition to its reasonable and customary charges.

13. Defendant's refusal to pay these allowable expenses, which are currently overdue, is unreasonable, and Plaintiff is entitled to an award of a reasonable attorney fee

3

for having to hire counsel to represent it in attempting to collect these benefits. (M.C.L. 500.3148).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Adjudicate Defendant's liability to Plaintiff for no-fault benefits to which it is entitled relative to the above referenced Patients;

b. Grant judgment against Defendants for whatever amount of damages to which Plaintiff is found to be entitled, plus costs, RJA interest, and no-fault penalty interest pursuant to MCL 500.3142;

c. Hold Defendant's failure to make full payment as unreasonable pursuant to MCL 500.3148, and order that Defendants pay penalty attorney fees to Plaintiff; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT II: CLAIM FOR DECLARATORY RELIEF

14. Paragraphs #1-13 are hereby reincorporated as if fully set forth herein.

15. In accordance with the foregoing allegations, Plaintiff seeks a declaratory judgment, pursuant to MCR 2.605, that Defendants' denial and/or failure to fulfill its obligations under the subject insurance contracts and/or the No-Fault Act is unlawful, or otherwise improper, for the following reasons:

a. Amended §3157 cannot be retroactively applied to CC REHAB for these particular patients because there is no specifically stated legislative intent set forth in the amendment that clearly and unambiguously authorizes retroactive application of amended §3157 to CC REHAB's patients, and therefore, amended §3157 is presumed under Michigan common law to apply only prospectively to persons who purchased and/ or were covered under automobile no-fault policies and sustained injuries after the effective date of amended §3157;

b. Amended §3157 cannot be retroactively applied to CC REHAB and its patients because to do so would unconstitutionally alter vested contractual rights in violation of the Contracts Clause set forth in Article I § 10 of the Michigan Constitution;

c. Former §3157, as interpreted by appellate case law, controlled the contracts entered into between Defendants and CC REHAB's patients, and therefore,

4

      subsequent legislative changes cannot alter the provisions of those contract because to permit such alteration would be in conflict Michigan Supreme Court precedent in *LaFontaine Saline, Inc. v. Chrysler Group*, 496 Mich 26 (2014), and See *Buhl v City of Oak Park*, 507 Mich 236; 968 NW2d 348 (2021).

d. Amended §3157 cannot be retroactively applied to CC REHAB and its patients because to do so would result in unjust enrichment to Defendants, which collected a premium when it sold the aforesaid insurance policies in consideration for Defendants' promise to reimburse all reasonable charges for reasonably necessary products, services and accommodations for CC REHAB's patients' care, recovery, and rehabilitation, without regard to any future fee caps imposed by legislative amendment.

e. Amended §3157 cannot be retroactively applied to CC REHAB and its patients as Defendants were free to and did, in fact, contract for benefits in excess of any later-imposed statutory limitations through Defendants' promises to: (1) pay all reasonably-necessary care, and (2) reimburse all reasonable charges for reasonably necessary products, services and accommodations for CC REHAB's patients' care, recovery, and rehabilitation, without regard to any future fee caps. See *Lewis v Farmers Ins Exch*, 315 Mich App 202 (2016).

f. If this (or an Appellate) Court finds that amended §3157 applies retroactively, then CC REHAB is entitled to be reimbursed for all reasonable charges incurred and/or at 55% of its January 1, 2019 charge description master rates (as further adjusted by the applicable Medical Care component of the Consumer Price Index) for all reasonably necessary products, services, and accommodations for Patients' care, recovery or rehabilitation. MCL 500.3107(1)(a); MCL 500.3157(7)(a)(i).

WHEREFORE, Plaintiff SPECIAL TREE COMMUNITY SERVICES, LLC, d/b/a CC REHAB seeks declaratory relief as specifically detailed in paragraphs 15(a) – 15(f), above.

Respectfully submitted,

MILLER & TISCHLER, P.C.

/s/ Martin A. Hogg
BY: MARTIN A. HOGG (P76312)
Attorney for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334
(248) 945-1040; (248) 536-5042 fax
email: mhogg@msapc.net

Dated: July 20, 2022